**Nick TARR, Plaintiff–Appellant,**

v.

**MARICOPA COUNTY, a political subdivision of the State of Arizona; et al., Defendants–Appellees.**

No. 05–16676.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 20, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Brian Kaven, Esq., Daryl Manhart, Esq., Stasy D. Click, Esq., Burch & Cracchiolo, PA, Phoenix, AZ, for Defendants–Appellees.

Before: WALLACE, KLEINFELD, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Nick Tarr appeals the district court's grant of summary judgment to Maricopa County on Tarr's claims that certain officers of the Maricopa County Sheriff's Office violated his constitutional rights under the First, Fourth, and Fourteenth Amendments. The magistrate judge's decision was based on his conclusion that the officers were entitled to qualified immunity. Tarr also appeals the district court's denial of his motion for leave to amend the complaint to include Sheriff Joe Arpaio as a defendant and to request punitive damages. We reverse the grant of summary judgment and, because the opinion below is vacated by our reversal, we conclude that we need not decide whether the denial of leave to amend was an abuse of discretion.

A district court's grant of summary judgement is reviewed *de novo,* viewing the evidence in the light most favorable to the non-moving party. *E.g., Scribner v. Worldcom, Inc.,* 249 F.3d 902, 907 (9th Cir.2001). Whether an official is entitled to qualified immunity is determined via a two-part inquiry. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see also Peng v. Mei Chin*

Robbins & Curtin, PLLC, Phoenix, AZ, for Plaintiff–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Penghu,* 335 F.3d 970, 976 (9th Cir.2003). First, "do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151 (2001). Second, was "the right [ ] clearly established," such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted[?]" *Id.* at 202, 121 S.Ct. 2151.

It has long been clearly established that an arrest in the absence of probable cause violates the Fourth Amendment. " 'Probable cause exists when, under the totality of circumstances known to the arresting officers, a prudent person would have concluded that the suspect had committed a crime.' " *Peng,* 335 F.3d at 976 (quoting *United States v. Buckner,* 179 F.3d 834, 837 (9th Cir.1999) (alterations omitted)); *see also Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

■ Tarr was arrested on Halloween while he was at a local restaurant campaigning for a proposition on the ballot in the upcoming state election. Though his costume included two Arizona Department of Public Safety patches, the remainder of his outfit, which included pink boxers reading "Go Joe," made it clear to any reasonable person that he was lampooning the local sheriff. *See Demery v. Arpaio,* 378 F.3d 1020, 1025 (9th Cir.2004) (describing the Sheriff's pink underwear policy). Considering the context, flamboyant pink underwear on display, it was objectively unreasonable for the officers to believe that Tarr was "[i]mpersonat[ing] a member of the highway patrol with the intent to deceive." Ariz.Rev.Stat. § 41–1754(2).

Similarly, it was objectively unreasonable for the officers to believe that Tarr was "[w]ithout authority, wear[ing] the *badge* of a member of the highway patrol or a *badge* of similar design that would tend to deceive." Ariz.Rev.Stat. § 41–1754(1) (emphasis added). A patch is not a badge. The magistrate's reliance on *State v. McLamb,* 188 Ariz. 1, 932 P.2d 266 (1996) in coming to the contrary conclusion is misplaced. *McLamb* dealt with a Phoenix City Code provision forbidding the unauthorized wearing of a "badge *or insignia.*" Phoenix City Code § 23–21 (emphasis added); *see also McLamb,* 932 P.2d at 267 (describing defendant's conviction for the violation of code provision "proscribing the unauthorized wearing of the *official insignia* of the Phoenix Police Department") (emphasis added). Throughout the opinion, the court in *McLamb* made clear that the problem with the defendant's conduct was the wearing of an *insignia.* Moreover, the defendant in *McLamb* was a retired police officer wearing his full uniform with the express intent to add credibility to his political views by deceiving the public into believing he was an officer. Under the totality of circumstances known to the arresting officers, a prudent person would not have concluded that Tarr had committed the crime with which he was charged. The officers are not entitled to qualified immunity on Tarr's Fourth Amendment claim.

■ It is also clearly established that the police may not punish someone in retaliation for exercising their First Amendment rights. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999); *see also Bennett v. Hendrix,* 423 F.3d 1247, 1250–51 (11th Cir. 2005). To prevail on a claim of this sort, the plaintiff must ultimately prove that (1) the action taken by the police "would chill or silence a person of ordinary firmness from future First Amendment activities"; and (2) the desire to cause the chilling effect was a but-for cause of the officers' action. *Skoog,* 469 F.3d at 1231–32.

Tarr was actively campaigning in favor of a ballot proposition. Speech on behalf

of a ballot proposition is protected by the First Amendment. *See, e.g., Meyer v. Grant,* 486 U.S. 414, 421–22, 108 S.Ct. 1886, 100 L.Ed.2d 425 (1988). Tarr's lampooning of public officials such as the sheriff or other public figure is also speech protected by the First Amendment. *Hustler Magazine v. Falwell,* 485 U.S. 46, 108 S.Ct. 876, 99 L.Ed.2d 41 (1988). Tarr alleges, and the record indicates, that the officers were offended by Tarr's lampooning their boss, and that this may have been the but-for cause of their decision to arrest him. *See Skoog v. County of Clackamas,* 469 F.3d 1221, 1231–32 (9th Cir.2006). In the totality of circumstances known to the arresting officer, no prudent officer could have concluded that Tarr could be arrested for such speech, and it would have been clear to any reasonable officer that he could not be. *See Saucier,* 533 U.S. at 202, 121 S.Ct. 2151 (2001). The officers are not entitled to qualified immunity on Tarr's First Amendment claim.

We need not decide whether the district court's denial of Tarr's motion for leave to amend was abuse of discretion. Because we reverse, the judgment is vacated, and the denial of the motion for leave to amend is vacated. The district court will exercise its discretion regarding calendaring and a pretrial order on remand.

REVERSED AND REMANDED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

---

*\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.*

---

*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.*